# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| LAWRENCE WAYNE FRANCIS II, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SERGEANT PEMBERTON, ANDREA ) <br> PARTON, ROBERT SEALS, SCOTTIE ) <br> RYAN DAVIS, CALEB CARRELL, ) <br> CAPTAIN D. COX, OFFICER BAKKER, ) <br> CORPORAL MYERS, LIEUTENANT ) <br> OLDHAM, OFFICER GILLIAM, CHIEF ) <br> BIVENS, CORPORAL ASHLEY, ) <br> CORPORAL THORNBERRY, and BOYD ) <br> SMITH, ) <br> ) <br> Defendants. ) | No. 3:20-CV-044-PLR-DCP |

## MEMORANDUM OPINION

Plaintiff, a former prisoner of the Knox County Detention Facility, filed a complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 5]. On February 7, 2020, the Court entered an order notifying Plaintiff that he had not filed the required documents to proceed *in forma pauperis* and allowing Plaintiff thirty days from the date of entry of the order to do so [Doc. 6]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss this case for want of prosecution and failure to comply with Court orders [*Id.* at 1–2].

However, on February 20, 2020, the United States Postal Service returned the mail containing this order to the Court with a notation indicating that it was "refused," but without any information regarding the reason for this refusal [Doc. 7]. Accordingly, the Court directed the Clerk to resend a copy of its previous order [Doc. 6] to Plaintiff at all addresses listed in his

complaint and provided Plaintiff thirty (30) days from the date of entry of that order to file the required documents to proceed *in forma pauperis* or to notify the Court of his inability to do so due to release or any other relevant circumstance [Doc. 8].

Plaintiff responded to that order by filing a notice of change of address in which he stated that he had had several recent changes in address, with the most recent being a transfer to a halfway house on March 9, 2020 [Doc. 9 p. 1]. Plaintiff also stated that he sent the Court a copy of his inmate trust account statement in this notice [*Id.*].

While no such document was in the record, on May 4, 2020, the Court entered an order that provided Plaintiff one more chance to file the required documents to proceed *in forma pauperis* within thirty (30) days of entry of that order in light of his apparent attempts to comply with the Court's orders and notified Plaintiff that if he failed to timely do so, this action would be dismissed for want of prosecution and failure to follow Court orders [Doc. 11 p. 2]. However, more than thirty days have passed and Plaintiff has not complied with the Court's most recent order or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's previous order is due to Plaintiff's willfulness or fault, as it appears that Plaintiff received this order, but did not comply with that order or otherwise communicate with the Court.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants, as they have not yet been served with process in this case.

As to the third factor, as set forth above, the Court warned Plaintiff that if he failed to timely comply with its most recent order, this action would be dismissed.

Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted. Plaintiff was seeking to proceed *in forma pauperis* herein and has failed to comply with the Court's instructions regarding filing the required documents.

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b), *see Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) (noting that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

E N T E R:

_____
**CHIEF UNITED STATES DISTRICT JUDGE**